UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-07109 CJC (ADS)                                         Date:  February 23, 2022

Title:  *Appleby v. Johnson & Johnson Corp., et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|          Kristee Hopkins           |          None Reported           |
|:----------------------------------:|:--------------------------------:|
|            Deputy Clerk            |      Court Reporter / Recorder   |

Attorney(s) Present for Plaintiff(s):              Attorney(s) Present for Defendant(s):
           None Present                                            None Present

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING FIRST AMENDED CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND**

**I.    INTRODUCTION**

Before the Court is a pro se First Amended Civil Rights Complaint ("FAC") filed by Tony Appleby ("Plaintiff"), a state prisoner, pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Dkt. No. 10, FAC.)[1]  Having conducted the mandatory screening as required under 28 U.S.C. § 1915A(a), the Court dismisses the FAC with leave to amend.

**II.   FACTUAL ALLEGATIONS**

Plaintiff's second iteration of the complaint asserts one claim against "Johnson & Johnson et al."[2]  and contains even fewer allegations than the original complaint.  The FAC alleges Johnson and Johnson ("J&J") sold Risperdal to the California Department of Corrections ("CDCR") knowing it was unsafe.  (FAC at 5.)  The FAC alleges J&J failed to inform the CDCR of the potential harms from taking Risperdal.  (Id.)  As a result, CDCR allegedly failed to warn Plaintiff of those harms.  (Id.).  The FAC further alleges,

---

[1] All page numbers will refer to CM/ECF pagination.

[2] The FAC names as a defendant "Johnson & Johnson et al."  (FAC at 3.)  In the original complaint, Plaintiff named as defendants both Johnson and Johnson Corporation and Johnson and Johnson Pharmaceutical.  (Dkt. No. 1 at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-07109 CJC (ADS)                           Date: February 23, 2022

Title: *Appleby v. Johnson & Johnson Corp., et al.*

in conclusory fashion, that J&J was acting as an agent of the CDCR.  (Id.)  As a result of taking the drug, Plaintiff developed several physical ailments.  (Id.)

While the FAC does not explicitly mention Section 1983, it appears to raise a Section 1983 claim for deliberate indifference under the Eighth and Fourteenth Amendments.  (Id.)  Plaintiff seeks $100 million in monetary damages for the physical and mental damages he has suffered.  (Id. at 6.)  From what the Court can understand, Plaintiff also seeks a permanent injunction to permanently remove Risperdal from the market and to halt its further use.  (Id.)

### III.   LEGAL STANDARD

The Court must screen a pro se complaint brought by prisoners to identify the cognizable claims or to dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a)-(b)(1).  The Court accepts as true the factual allegations contained in the Complaint and construes all inferences in Plaintiff's favor.  See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the Court need not accept as true "a legal conclusion couched as a factual allegation."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court liberally construes the Complaint because Plaintiff is proceeding pro se.  Hamilton, 630 F.3d at 893.

### IV.   ANALYSIS

To begin, the FAC is deficient because it fails to specifically identify what claim is being asserted against J&J.  Additionally, the FAC is deficient because J&J is a corporation and there are no facts to show it acted under color of state law.  As previously explained, to state a Section 1983 claim, a plaintiff must allege, in part, that the federal constitutional or statutory violation was committed by a person *acting under color of state law*.  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  Section 1983 is generally inapplicable to private parties, unless the private party is a "'willful participant in joint action with the State or its agents.'"  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-07109 CJC (ADS)                                              Date: February 23, 2022

Title: *Appleby v. Johnson & Johnson Corp., et al.*

Here, the FAC remains devoid of any allegations to show J&J, who is a private party, engaged in any joint action with the State or its agents. Nor is it enough for the FAC to allege, in conclusory fashion, that J&J acted as an agent of the CDCR. Without more, Plaintiff's claims against J&J fails. See also Taylor v. Boyd, No. CV 17-0779-ODW (KK), 2017 WL 1098813, at *3 (C.D. Cal. Mar. 23, 2017) (dismissing claims against private parties where complaint contained no allegations to infer joint action between the defendants and the state or its agents).

Accordingly, Plaintiff's Section 1983 claim for deliberate indifference under the Eighth and Fourteenth Amendments is dismissed. Because the Court cannot conclude Plaintiff cannot cure these defects through amendment, Plaintiff will be given one last opportunity to amend the complaint.

**V.      CONCLUSION**

For the reasons above, the FAC is subject to dismissal in its entirety. **Plaintiff must elect to proceed with one of the following options by no later than March 16, 2022.**

**A.      Option 1: File a Second Amended Complaint**

Plaintiff may file a signed second amended complaint that cures the defects the Court has pointed out in this Order. Plaintiff is cautioned that if he continues to raise the claim in the First Amended Complaint that fails to state a claim upon which relief can be granted, the Court will recommend to the District Judge that those claims, which currently includes the entire complaint, be dismissed without further leave to amend.

In doing so, Plaintiff is reminded to provide a short and plain statement of what happened, identify his claims against each defendant, and clearly describe each defendant's wrongful conduct. Also, Plaintiff should state specific facts meeting the legal standard for each claim he is bringing. Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the second amended complaint.

Plaintiff is advised that an amended complaint supersedes the prior complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). This means that the filing of an amended complaint entirely supplants or replaces the original or any prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-07109 CJC (ADS)                                      Date: February 23, 2022

Title: *Appleby v. Johnson & Johnson Corp., et al.*

complaint, which is "treated thereafter as nonexistent." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations omitted). Therefore, the second amended complaint must contain all claims Plaintiff intends to bring against all defendants.

The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the second amended complaint.

### B.     Option 2: Voluntarily Dismiss

Plaintiff may elect to voluntarily dismiss the Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) by filing a Notice of Dismissal. The Clerk is directed to provide Plaintiff with a Notice of Dismissal Form (CV-09). Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike." See 28 U.S.C. § 1915(g).

### C.     Option 3: Proceed with the FAC

Plaintiff may elect to proceed with the FAC in its current form. To do so, Plaintiff must file a statement with the Court stating that he wishes to select Option 3 and proceed on the FAC, despite the infirmities described in this order.

Plaintiff is expressly cautioned that the deficient claims within the FAC are insufficiently pled and subject to dismissal. If Plaintiff selects Option 3, it will be viewed by the Court as an inability to cure the defects identified in this order. As such, the Court may recommend dismissal with prejudice to the District Judge. Dismissal with prejudice means that Plaintiff will be given no further opportunities to amend, this case will be closed, and Plaintiff will not be able to assert these same claims in a new case. Dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would also constitute a "strike." See 28 U.S.C. § 1915(g).

*        *        *

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-07109 CJC (ADS)                                   Date: February 23, 2022

Title: *Appleby v. Johnson & Johnson Corp., et al.*

**Plaintiff is expressly warned that failure to timely respond to this order may result in a recommendation to the District Judge that this action be dismissed for failure to state a claim, for failure to prosecute, and/or for failing to obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

Initials of Clerk kh