UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY APPLEBY,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHNSON & JOHNSON CORPORATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:21-07109 CJC (ADS)<br><br><br>ORDER DISMISSING ACTION |

I.  **BACKGROUND**

Plaintiff Tony Appleby, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). In the First Amended Civil Rights Complaint ("FAC"), Plaintiff alleges Johnson and Johnson ("J&J") sold Risperdal to the California Department of Corrections ("CDCR") knowing it was unsafe. (Dkt. No. 10, First Am. Civil Rights Compl. ("FAC") at 5.) The FAC alleges J&J failed to inform the CDCR of the potential harms from taking Risperdal. (Id.) As a result, CDCR allegedly failed to warn Plaintiff of those harms. (Id.). The FAC further alleges, in conclusory

fashion, that J&J was acting as an agent of the CDCR. (Id.) As a result of taking the drug, Plaintiff developed several physical ailments. (Id.)

While the FAC does not explicitly mention Section 1983, it appears to raise a Section 1983 claim for deliberate indifference under the Eighth and Fourteenth Amendments. (Id.) Plaintiff seeks $100 million in monetary damages for the physical and mental damages he has suffered. (Id. at 6.) From what the Court can understand, Plaintiff also seeks a permanent injunction to permanently remove Risperdal from the market and to halt its further use. (Id.)

On February 23, 2022, the Court screened Plaintiff's First Amended Civil Rights Complaint as required under 28 U.S.C. § 1915A(a), dismissed the complaint with leave to amend, and gave Plaintiff three options with how to proceed with his case ("ODLA"). (Dkt. No. 13.) The Court granted Plaintiff additional time to file a response to the ODLA, which he was required to file by May 20, 2022. (See Dkt. Nos. 15-17.) The Court cautioned Plaintiff that failure to timely file a response may result in dismissal for failure to state a claim, failure to prosecute, and obey court orders. (Dkt. No. 17 at 2.) Having received no response, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and comply with court orders ("OSC"). (Dkt. No. 19.) The Court again cautioned Plaintiff that failure to timely file a response to the OSC cause may result in dismissal of his case. (Id. at 2.) Plaintiff's response to the OSC was due by July 6, 2022. (Id. at 1.) As of the date of this Order, Plaintiff has not filed a response to either the ODLA or OSC or otherwise communicated with the Court.

As discussed below, this case is dismissed with prejudice because (1) the FAC fails to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1), and (2) Plaintiff has failed to prosecute this case and comply with court orders. See Fed. R. Civ. P. 41(b).

## II. FAILURE TO STATE A CLAIM FOR RELIEF

The Court must screen a pro se complaint brought by prisoners to identify the cognizable claims or to dismiss those that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). The Court accepts as true the factual allegations contained in the complaint and construes all inferences in Plaintiff's favor. See Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the Court need not accept as true "a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court liberally construes the complaint because Plaintiff is proceeding pro se. Hamilton, 630 F.3d at 893.

The FAC is dismissed because it fails to state an Eighth or Fourteenth Amendment deliberate indifference claim against J&J. To state a Section 1983 claim, a plaintiff must allege, in part, that the federal constitutional or statutory violation was committed by a person acting under color of state law. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 is generally inapplicable to private parties, unless the private party is a "'willful participant in joint action with the State or its agents.'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Dennis v. Sparks, 449 U.S. 24, 27 (1980)).

J&J is a private party, and there are no facts to show that J&J willfully participated in any joint action with the State of California or its agents. Nor is it enough for the FAC to allege, in conclusory fashion, that J&J acted as an agent of the CDCR. Without more, the FAC fails to state a Section 1983 claim for a deliberate indifference claim under the Eighth or Fourteenth Amendments against J&J. See also Taylor v. Boyd, No. CV 17-0779-ODW (KK), 2017 WL 1098813, at *3 (C.D. Cal. Mar. 23,

2017) (dismissing claims against private parties where complaint contained no allegations to infer joint action between the defendants and the state or its agents). As such, the FAC must be dismiss for failure to state a claim for relief. 28 U.S.C. § 1915A(a).

**III.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

This case is also dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Having weighed the five factors, the Court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Plaintiff's failure to engage with this case and file a response to the Court's OSC and ODLA has interfered with the public's interest in the expeditious resolution of this litigation, as well with the Court's need to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"). As to the third factor, Plaintiff has failed to rebut the presumption that the defendants have been prejudiced by this

1 unreasonable delay. Moneymaker v. Coben (In re Eisen), 31 F.3d 1447, 1452-53 (9th
2 Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v.
3 Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  As to the fifth factor, there is no less
4 drastic sanction available as the Court has given Plaintiff several opportunities and
5 ample time to respond to the ODLA and OSC.  Accordingly, the Court has taken
6 meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779
7 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction
8 short of dismissal before finally dismissing a case, but must explore possible and
9 meaningful alternatives.").  Finally, although the fourth factor always weighs against
10 dismissal, Plaintiff's failure to discharge his responsibility to move the case towards a
11 disposition outweighs the public policy favoring disposition on the merits.  Morris v.
12 Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a
13 policy favoring disposition on the merits, it is the responsibility of the moving party to
14 move towards that disposition at a reasonable pace, and to refrain from dilatory and
15 evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this
16 action with prejudice is warranted.
17 //
18 //
19 //

IV. **CONCLUSION**

Accordingly, this action is dismissed with prejudice for failure to state a claim for relief and for failure to prosecute this case and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

IT IS SO ORDERED.

Dated: July 26, 2022

_____
THE HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

6